# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COLBY JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-58-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Colby Jones appeals the 151-month within-guidelines sentence imposed following his conviction for conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine. Jones contends that the district court erred in calculating his criminal history score. Citing to U.S.S.G. § 4A1.2(c), he asserts that the one criminal history point for his 2011 five-day sentence for the Texas offense evading arrest was erroneously assessed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11354

Because Jones did not object in the district court to his criminal history score, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). In calculating criminal history, sentences for misdemeanor and petty offenses are counted, except as provided in § 4A1.2(c)(1) and (2). § 4A1.2(c). Sentences for offenses listed under § 4A1.2(c)(1) and "offenses similar to them, by whatever name they are known" are counted only when the sentence imposed "was a term of probation of more than one year or a term of imprisonment of at least [30] days" or when "the prior offense was similar to an instant offense." § 4A1.2(c)(1)(A), (B). One of the offenses listed in § 4A1.2(c)(1) is resisting arrest. § 4A1.2(c)(1).

Jones received one criminal history point for the five-day sentence imposed for his 2011 conviction of the Texas misdemeanor offense of evading arrest. The Texas offense of evading arrest is similar to the crime of resisting arrest as set forth in § 4A1.2(c), and the district court committed clear or obvious error by assessing the criminal history point. *See United States v. Moore*, 997 F.2d 30, 34-35 (5th Cir. 1993). Without that criminal history point, Jones would have had seven criminal history points, and his Category IV criminal history score and guidelines range would have remained unchanged. Because he was sentenced within the correct guidelines range and because the district court indicated that a sentence at the top of that range was appropriate, Jones fails to make a showing that the error affected his substantial rights. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.